| | DATE FILED: April 4, 2018 4:38 PM<br>FILING ID: 6268415771172<br>CASE NUMBER: 2018CV30305 |
|---|---|
| DISTRICT COURT, COUNTY OF BOULDER<br>STATE OF COLORADO<br>Court Address:<br>1777 6th Street<br>Boulder, Colorado 80302 | |
| Plaintiff:<br><br>**KENNETH LILYBLAD,**<br><br>v.<br><br>Defendant:<br><br>**AMERICAN FAMILY INSURANCE COMPANY.** | ▲ COURT USE ONLY ▲ |
| Attorneys for Plaintiff:<br>**ZINDA LAW GROUP, PLLC**<br>John C. (Jack) Zinda<br>State Bar No. 47414<br>S. Burgess Williams<br>State Bar No. 49357<br>Christina M. Hagen<br>State Bar No. 45053<br>Joseph Caputo<br>State Bar No. 51097<br>600 17th Street, Suite 2625S<br>Denver, Colorado 80202<br>Phone: (303) 800-1501<br>Fax: (512) 580-4252<br>Service of Documents: service@zdfirm.com | Case Number:<br><br>Division: |
| **PLAINTIFF'S COMPLAINT AND JURY DEMAND** | |

Plaintiff Kenneth Lilyblad ("Plaintiff"), by and through undersigned counsel, comes before this Court to allege the following:

### INTRODUCTION

1. Plaintiff files this action to recover for harms and losses he suffered as a result of a motor vehicle collision that occurred on or about June 8, 2017.

## JURISDICTION AND VENUE

2.	Venue is proper in the County of Boulder, State of Colorado, pursuant to the provisions of C.R.C.P. 98(c).

## PARTIES

3.	At all times relevant herein, Plaintiff was domiciled in Adams County, Colorado, residing at 8666 Decatur Street #265, Westminster, Colorado 80031.

4.	Defendant American Family Insurance Company ("Defendant") is a foreign corporation authorized under law to write property and casualty insurance in the State of Colorado. Defendant does business in the State of Colorado, including within Boulder County. Defendant may be served with process by serving its registered agent, Corporation Service Company, at 1900 W. Littleton Boulevard, Littleton, Colorado 80120.

## GENERAL ALLEGATIONS

5.	On or about June 8, 2017, Plaintiff was driving his 1999 Dodge Stratus eastbound on Cherry Street towards Taylor Avenue in Louisville, Colorado.

6.	At all times relevant herein, Plaintiff was acting with due and reasonable care, and in conformance with all applicable ordinances and statutes.

7.	At the same time, Michael Carroll was driving his 2013 Toyota Tacoma northbound on Taylor Avenue towards Cherry Street.

8.	As Michael Carroll reached the intersection of Taylor Avenue and Cherry Street, he ignored a stop sign, entered the intersection, and crashed into Plaintiff.

9.	As a direct and proximate result of Michael Carroll's negligence and negligence per se, Plaintiff suffered severe harms and losses.

10.	Michael Craig's insurance company had a liability policy that insured him at the time of the above-described collision.

11.	Plaintiff's damages stemming from the subject collision exceeded Michael Carroll's insurance policy limits.

12.	As a result, Michael Carroll was an underinsured motorist at the time of the collision.

13. Prior to the collision, Defendant had delivered and/or issued for delivery an auto insurance policy, believed to be Policy No. 41011-27400-36 ("the Policy"), insuring Plaintiff and his vehicle.

14. The Policy included underinsured motorist ("UIM") coverage for Plaintiff with limits of $25,000 per person and $50,000 per incident.

15. On December 20, 2017, Plaintiff submitted a written claim with supporting documentation ("UIM claim") to Defendant for full payment of the UIM benefits under the Policy.

16. Defendant's deadline to respond to the December 20, 2017 letter was January 10, 2018.

17. Defendant did not respond to the December 20, 2017 letter on or before the deadline.

18. On February 20, 2018, Plaintiff submitted a second written claim to Defendant for full payment of the UIM benefits under the Policy.

19. On February 26, 2018, Defendant responded to Plaintiff's request for evaluation and payment of UIM benefits with an evaluation well below the full UIM benefits Plaintiff is entitled to under the Policy.

20. Defendant's evaluation assessed Plaintiff's past medical expenses at $10,319.47, his future medical expenses at $3,000.00, his past lost wages at $712.50, his past noneconomic damages at $8,000.00, his future noneconomic damages at $3,000.00, his physical impairment damages at $0.00, and his physical disfigurement damages at $0.00.

21. Defendant ignored, delayed, and/or refused to properly investigate the information/evidence it received in the December 20, 2017 letter.

22. Defendant refused to pay Plaintiff's claims promptly.

23. Regarding Plaintiff's UIM claim, Defendant did the following:

   a. It essentially denied the part of Plaintiff's claim regarding the future medical cost of a surgery Plaintiff must undergo relating to the injuries he suffered in the wreck at issue;

   b. It essentially denied and/or grossly undervalued Plaintiff's claim for past and future noneconomic damages, physical impairment, and physical disfigurement; and

      c. In essentially denying and delaying payment of Plaintiff's full UIM claim regarding his future medical expenses, past and future noneconomic damages, physical impairment, and physical disfigurement, Defendant employed Unfair Claims Settlement Practices, in violation of C.R.S. § 10-3-1104(1)(h)(II), (IV), (VI), and (XIV), specifically:

| | |
|---|---|
| (1)(h)(II) | Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies; |
| (1)(h)(IV) | Refusing to pay claims without conducting a reasonable investigation based upon all information available; |
| (1)(h)(VI) | Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear; and |
| (1)(h)(XIV) | Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement. |

24. Defendant knew, or in the exercise of reasonable care should have known, that its conduct and position were unreasonable, contrary to public policy, and contrary to Colorado law.

## FIRST CLAIM FOR RELIEF
**(Breach of Contract)**

25. Plaintiff incorporates by reference all allegations contained in this Complaint as if re-alleged herein verbatim.

26. Plaintiff was the driver in a vehicle covered under the subject Policy and is entitled to UIM benefits from Defendant as a result of the collision with an underinsured motorist.

27. Plaintiff has complied with all conditions precedent to coverage under this Policy.

28. Plaintiff submitted a claim to Defendant to pay the full amount of UIM benefits owed to him, specifically $25,000, on December 20, 2017.

29. Defendant refused to pay the full amount of UIM benefits owed to Plaintiff under his UIM claim.

30. Defendant's refusal to promptly pay Plaintiff the full amount of UIM benefits is a material breach of Defendant's insurance contract and the amount of such benefits can be determined in this forum.

31. Defendant's breach caused Plaintiff to suffer harms and losses, including non-payment/loss of UIM benefits owed him, and Plaintiff is entitled to determination of such UIM benefits with respect to the subject collision.

## SECOND CLAIM FOR RELIEF
### (Unreasonable Delay/Denial Under C.R.S. § 10-3-1115 and § 10-3-1116)

32. Plaintiff incorporates by reference all allegations contained in this Complaint as if re-alleged herein verbatim.

33. Plaintiff is a first-party claimant under C.R.S. § 10-3-1115 in this UIM claim.

34. Pursuant to the provision of C.R.S. §§ 10-3-1115 and 1116, Defendant had a duty to its insured of reasonableness with respect to reasonably prompt payment of Plaintiff's claims herein.

35. Defendant, as an entity engaged in the business of insurance, unreasonably delayed and/or denied full payment of Plaintiff's claim for benefits. Defendant had no reasonable basis for its delay and/or denial of payment.

36. Defendant used unfair settlement practices, specifically C.R.S. § 10-3-1104(1)(h)(II), (IV), (VI), and (XIV).

37. As a direct and proximate cause of Defendant's unreasonable conduct, Plaintiff has suffered injuries, damages, and losses of the Covered Benefit, and is entitled to bring this action to recover two times the covered UIM benefits and reasonable attorney fees and court costs pursuant to C.R.S. § 10-3-1116.

## THIRD CLAIM FOR RELIEF
### (Bad Faith)

38. Plaintiff incorporates by reference all allegations contained in this Complaint as if re-alleged herein verbatim.

39. At all times relevant, Defendant owed Plaintiff duties of good faith and fair dealing pursuant to §§ C.R.S. 10-1-101 and 10-3-1113.

40. Defendant breached its duties to Plaintiff by unreasonably denying and/or otherwise unreasonably delaying full payment of UIM benefits owed under Plaintiff's UIM claim.

41. Defendant intentionally, knowingly, willfully, unreasonably and/or with reckless disregard violated or otherwise refused to comply with an insurance industry standard to act reasonably upon communications with respect to claims arising under the Policy, including Plaintiff's request for payment of benefits under his UIM claim, contrary to C.R.S. § 10-3-1104(h).

42. Defendant intentionally, knowingly, willfully, unreasonably and/or with reckless disregard violated or otherwise refused to comply with an insurance industry standard by not attempting in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's UIM Claim when liability relative to that claim was reasonably clear, contrary to C.R.S. § 10-3-1104(h).

43. Defendant intentionally, knowingly, willfully, unreasonably and/or with reckless disregard violated or otherwise refused to comply with an insurance industry standard when it compelled Plaintiff to institute litigation to recover amounts due under the Policy, and in particular his UIM benefits owed and unpaid under the Policy, contrary to C.R.S. § 10-3-1104(h).

44. Defendant intentionally, knowingly, willfully, unreasonably and/or with reckless disregard violated or otherwise refused to comply with an insurance industry standard by refusing to pay all benefits owed under Plaintiff's above UIM claim without a reasonable investigation based upon all available information, contrary to C.R.S. § 10-3-1104(h).

45. Defendant intentionally, knowingly, willfully, unreasonably and/or with reckless disregard violated or otherwise failed to comply with an insurance industry standard when it refused to promptly provide Plaintiff a reasonable explanation of the basis in the Policy, the facts or applicable law for its denial of his UIM claim, contrary to C.R.S. § 10-3-1104(h).

46. Defendant used unfair settlement practices, specifically C.R.S. § 10-3-1104(1)(h)(II), (IV), (VI), and (XIV).

47. Defendant's conduct in delaying and denying full payment of Plaintiff's claim, as alleged, was unreasonable, reckless, and a breach of the duty of good faith and fair dealing.

48. Defendant had knowledge that its above-referenced conduct or position was unreasonable and/or Defendant acted in reckless disregard of whether its conduct or position was unreasonable.

49. As a direct and proximate cause and result of Defendant's above knowing or with reckless disregard unreasonable conduct and/or its above violations, Plaintiff has suffered economic damages and losses, including but not limited to unpaid UIM benefits, and non-economic damages and losses, including but not limited to emotional stress and inconvenience.

Exhibit A

**WHEREFORE**, Plaintiff prays for judgment in his favor and against Defendant in an amount sufficient to reasonably compensate Plaintiff for the damages as outlined above, plus expert witness fees, interest from the date the incident occurred, costs, statutory double damages as described in C.R.S. § 10-3-1116; attorney fees, and such other and further relief as the Court may deem just and proper.

Plaintiff demands a jury trial and the jury fee is tendered herewith.

DATED: April 4, 2018.

        Respectfully Submitted,

        ZINDA LAW GROUP, PLLC
        600 17th Street, Suite 2625S
        Denver, Colorado 80202
        Phone: (303) 800-1501
        Fax: (512) 580-4252
        **Service of Documents:**

By:   /s/ S. Burgess Williams
        S. Burgess Williams
        State Bar No. 49357
        John C. (Jack) Zinda
        State Bar No. 47414
        Christina M. Hagen
        State Bar No. 45043
        Joseph Caputo
        State Bar No. 51097
        **ATTORNEYS FOR PLAINTIFF**